UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GEORGE KERSEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 17-11635-ADB |
| v. | ) | |
| | ) | |
| DONALD J. TRUMP, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons stated below, the Court allows plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2], dismisses the complaint for lack of subject matter jurisdiction, and certifies that any appeal would be futile and thus not "taken in good faith" within the meaning of 28 U.S.C. § 1915(a)(3).

### BACKGROUND

On August 29, 2017, Plaintiff George A. Kersey ("Kersey") filed a self-prepared, class action complaint naming Donald J. Trump, individually, as the sole defendant [ECF No. 1] ("Compl."). With the complaint, Kersey also filed an Application to Proceed in District Court without Prepaying Fees or Costs [ECF No. 2].

Kersey alleges that he is a citizen of Rhode Island and that he receives mail at post office boxes in Framingham, Massachusetts, and Narragansett, Rhode Island [Complaint ¶ 9]. Kersey alleges that he "participated in the Second World War against Nazism" and now files this action "to defend the Constitution and to remove [the Defendant] from office" [Id.]. Kersey seeks to

1

bring this suit as a class action on behalf of more than 100 proposed class members [Id. ¶ 16] pursuant to the Tenth Amendment of the United States Constitution [Id. ¶ 11].[1] In the section of the Complaint titled "IV. FACTUAL ALLEGATIONS" plaintiff alleges:

> 22. Defendant is a well-known business entrepreneur. It would appear that his principal present goals are to engage in atomic warfare with [N]orth Korea and promote his business interests in the Soviet Union, where he [is] more popular than in the United States, with the blessing of his friend and war-criminal Putin. Defendant is know[n] for his many business activities, many of which fail and have to be rescued by others. It is time to rescue the United States.

Id.

The Court's records indicate that Kersey has appeared in this Court both as an attorney[2] and as a pro se litigant. See e.g. Kersey v. Staples, 17-11267-NMG (pending); Kersey v. Am. Honda Fin. Corp., 16-12631-FDS (pending); Kersey v. Peoples' United Bank, et al., 16-12414-PBS (closed); Kersey v. Becton Dickinson and Co., 16-10495-LTS (closed); Kersey, et al. v. Prudential Ins. Agency LLC, 15-14186-GAO (closed); Fraser, et al. v. Gortons, 12-10479-RGS (closed); Kersey v. Sears Roebuck & Co., 08-11720-RWZ (closed); and Kersey v. Sears Roebuck & Co., 08-10800-RWZ (closed). Kersey has since been disbarred. In re George E. Kersey, 444 Mass. 65 (2005).

## DISCUSSION

Upon review of Kersey's motion to proceed *in forma pauperis*, the Court concludes that he is without income or assets to pay the $400.00 filing fee. Since plaintiff is proceeding pro se,

---

[1] The Tenth Amendment provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." Const. Amend. X.
[2] See, e.g. Brown v. Flood, 97-12645-EFH; Bonis v. Kaplan, 97-12522-EFH; Costello v. McManus, 94-10552-NG; and Defazio v. Delta Air Lines, 92-13000-RCL.

the Court will construe his complaint generously. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972).

A court has an obligation to inquire sua sponte into its own subject matter jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." (internal citation omitted)).

Article III of the Constitution limits the jurisdiction of federal courts to cases or controversies. U.S. Const. art. III, § 2, cl. 1. These prerequisites reflect the "common understanding of what it takes to make a justiciable case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102 (1998). Consequently, Kersey must show that: (1) he personally has suffered some actual or imminent injury as a result of the challenged conduct; (2) the injury can fairly be traced to that conduct; and (3) the injury likely will be redressed by a favorable decision from the court. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992). "'The party invoking federal jurisdiction bears the burden of establishing' standing." Clapper v. Amnesty Int'l USA, 568 U.S. 398, 411-12 (2013) (quoting Lujan, 504 U.S. at 561); see also Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 40 n.20 (1976) ("That a suit may be a class action, however, adds nothing to the question of standing, for even named plaintiffs who

3

represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." (citation and quotation marks omitted)). "Plaintiffs may not establish their standing to bring suit merely because they disagree with a government policy or because they share the 'generalized interest of all citizens in constitutional governance.'" Moss et al. v. Spartanburg Cnty. Sch. Dist. Seven, 683 F.3d 599, 604–05 (4th Cir. 2012) (quoting Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 217 (1974)). If a plaintiff does not have standing to bring suit, then the Court lacks jurisdiction to decide the case on its merits. United States v. AVX Corp., 962 F.2d 108, 113 (1st Cir. 1992).

Here, the Court concludes that Kersey's attempt to invoke the jurisdiction of this Court falls short of the constitutional requirements for standing. Kersey has failed to allege any direct personal injury, actual or imminent, that he has suffered as a result of Defendant's alleged actions. Despite Kersey's numerous allegations concerning President Trump's fitness for office and the damage allegedly caused, Kersey's challenge is essentially a statement of dissatisfaction with various political decisions and actions taken by President Trump. Although Kersey describes harm that has been done to others, including an allegation that the Defendant is partly responsible for injuries sustained during recent protests in Charlottsville, Virginia, as well as generalized harms, the complaint fails to show how President Trump specifically injured Kersey in a manner apart from the general population. For example, alleging that President Trump is opposed to climate change and was not elected by popular vote, Compl. at 4, is not enough to demonstrate that Kersey has standing to file this lawsuit. Thus, the complaint must be dismissed for lack of standing.

## ORDER

Based upon the foregoing, it is hereby ORDERED that:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is granted.

2. This action is dismissed pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

3. The Court finds, and hereby certifies, that any appeal by Kersey of the matters discussed in this Memorandum and Order would be futile, and therefore not "taken in good faith" within the meaning of 28 U.S.C. § 1915(a)(3).

**SO ORDERED.**

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
UNITED STATES DISTRICT JUDGE

December 18, 2017